**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE ENERGY SERVICES, INC.,** | : | **Case No. 2:08-CV-0463** |
| **Debtor/Appellant,** | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **LARRY J. MCCLATCHEY,** | : | |
| **Trustee** | : | |
| | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the court on interested party Freddie L. Fulson's (Fulson) Motion for Perjury. For the reasons explained below, this Court DENIES Mr. Fulson's motion for perjury.

### II. BACKGROUND

This case is an appeal from Bankruptcy Case No. 03-67484, which involved the bankruptcy of debtor Nicole Energy Services ("NES"), a natural gas marketing company. Fulson is the President of NES. Fulson is also a shareholder in the parent company, Nicole Energy Marketing, Inc. Fulson attempted to involve himself in the NES bankruptcy as an interested party and stay proceedings against NES. In an earlier appeal to this Court, Fulson tried to stay a sale order of NES assets. *Nicole Energy Services, Inc. v. McClatchey*, No. 08-cv-0463, 2009 WL 545102, at *3 (S.D. Ohio Mar. 4, 2009). This Court, however, declared Fulson was not a party to the bankruptcy; did not receive intervenor status because NES had its own counsel; and Fulson failed to petition for intervenor status. *Id.*

The NES bankruptcy proceeding was filed in 2003 at the same time as an ongoing state court breach of contract action against NES and Fulson. *Id.* at *1. The bankruptcy proceeding

consolidated the involuntary bankruptcy action, a voluntary action for NES bankruptcy, and the state court breach of contract claims into a voluntary Chapter 11 bankruptcy proceeding. *In re Nicole Energy Services, Inc.*, 385 B.R. 201, 211-13 (Bankr. S.D. Ohio 2008). Larry McClatchey ("Mr. McClatchey") was appointed Chapter 11 trustee of the bankruptcy. *Nicole Energy Services, Inc. v. McClatchey*, No. 2:06-cv-162, 2009 WL 1416056, at *1 (S.D. Ohio May 19, 2009). The bankruptcy proceedings resulted in the Bankruptcy Court approving a Sale Order of NES assets after three days of hearings. *In re Nicole Energy Services, Inc.*, 385 B.R. at 218-19. Fulson motioned to stay the Sale Order four times and was denied in each instance. *In re Nicole Energy Services, Inc.*, No. 2:08-cv-478, 2008 WL 3200283, at *1 (S.D. Ohio Aug. 6, 2008) (denying Fulson's individual appeal of the Sale Order); *Nicole Energy Services, Inc. v. McClatchey*, 2009 WL 545102 at *2 (denying NES' challenge to the Sale Order); *Nicole Energy Services, Inc. v. McClatchey*, No. 2:06-cv-162, 2009 WL 1416056, at *1-*3 (S.D. Ohio May 19, 2009) (denying Fulson's motion to withdraw bankruptcy proceedings to district court); *Nicole Energy Services, Inc. v. McClatchey*, No. 2:06-cv-0162, 2009 WL 4250024, at *1-*2 (S.D. Ohio Nov. 19, 2009) (denying Fulson's motion to re-clarify the May 19 order refusing withdrawal of the bankruptcy proceedings to district court).

Fulson now alleges that statements and testimony in this bankruptcy action were untrue and caused material harm to the proceedings. Fulson's allegations of perjury are: (1) the state court case from which the bankruptcy action arose involved fraud allegations against him that remain unresolved, and bankruptcy findings imply that the original state court allegations were true; (2) the bankruptcy trustee stated that Fulson was not a party to the bankruptcy and subsequent appeals despite the fact that Fulson was a party; (3) false statements that the monies

from the bankruptcy and sale of NES assets were disbursed to creditors; and (4) false statements that a creditor's committee existed, when it in fact did not exist.

### 1. Statements that Fulson was guilty of fraud

In state court proceedings, Columbia Gas sued Fulson, alleging fraud and fraudulent transfers by Fulson on behalf of NES. Fulson Motion for Perjury, at 1; see also *Nicole Energy Services, Inc., v. McClatchey*, No. 08-CV-0463, 2009 WL 545102 at *1 (stating that the original action against NES in state court was for breach of contract with veil piercing claims). Columbia Gas tried to pierce the NES corporate veil, holding Fulson individually liable. (Fulson Motion for Perjury, at 1.)  In 2003, on the eve of trial, the state court action was removed to the Federal Bankruptcy Court for the Southern District of Ohio. The breach of contract action was consolidated with other bankruptcy cases and litigated with Mr. McClatchey as the bankruptcy trustee. *Id.* Fulson alleges that the fraud allegations in the complaint filed by Columbia Gas constitute perjury.  Fulson's basis for this claim is that the allegations in the complaint erroneously formed the basis of the bankruptcy action, because there has not been a final resolution to date, or any findings of fact, in the Columbia Gas case. Fulson alleges that subsequent proceedings rely upon these fraud allegations that have not been found by a preponderance of the evidence. (Fulson Motion for Perjury, at 1-5.)

### 2. Statements that Fulson was not a party to the Bankruptcy proceedings

Fulson alleges that because the original state court claim involved Fulson as a party, any subsequent actions stemming from the state court claims necessarily involve him as well. Fulson Motion for Perjury, at 1. The bankruptcy proceedings consolidated a voluntary NES bankruptcy action, the involuntary bankruptcy action filed by NES creditors, and the state court claims. *In re*

*Nicole Energy Services*, 258 B.R. 201, 210-13 (Bankr. S.D. Ohio 2008). Fulson alleges that because he was a party to both the state court case and the voluntary bankruptcy, he is a party to the consolidated bankruptcy action. Fulson Motion for Perjury, at 3, 9. Fulson alleges that Mr. McClatchey committed perjury by stating to the bankruptcy court and the district court, that Fulson was not a party to the action. *Id.* Fulson alleges that Mr. McClatchey's statements influenced the district court and bankruptcy court decisions. *Id.*

### 3. Statements that all available monies were disbursed to the creditors

Fulson alleges that Mr. McClatchey testified or stated before the courts that all NES funds had been disbursed to creditors. Fulson Motion for Perjury, 5. Fulson claims that contrary to Mr. McClatchey's testimony, no monies were disbursed and no creditors were paid. *Id.* Additionally, Fulson alleges that the district and bankruptcy courts relied upon Mr. McClatchey's statements when approving a Sale Order of NES assets. Fulson Motion for Perjury, at 2, 4, 5, 7, 10; see also *Nicole Energy Services*, 2009 WL 545102 at *2-4 (noting that the bankruptcy court approved the Sale Order, Fulson appealed, and Mr. McClatchey moved to dismiss the appeal because the sale had closed and consummated, rendering the appeal moot). Fulson claims, therefore, that Mr. McClatchey committed perjury when he told the district court false information regarding the disbursement of monies to creditors.

### 4. Statements that a creditors committee existed

Fulson's Motion for Perjury states that Mr. McClatchey stated a bankruptcy creditor's committee existed, despite Fulson's belief that no committee actually existed. Fulson Motion for Perjury, 3-4, 9. Fulson additionally alleges that a trustee for AGF, Inc., testified regarding the existence of a creditor's committee, despite knowing that no such committee existed. *Id.* at 4.

Fulson alleges that statements made by Mr. McClatchey and the AGF Trustee to the bankruptcy court in regards to the help, assistance, or existence of a creditor's committee were both perjurous and false.

### III. STANDARD OF REVIEW

#### A. Latitude is Afforded to Pro Se Plaintiffs

Pro se parties are afforded liberal construction of their claims. *Jones v. Caruso*, 569 F.3d 258, 263 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This Court liberally construes Fulson's arguments, as without legal counsel Fulson's arguments may lack in form. Regardless of the presentation of Fulson's claims, the substance behind his words should be discounted. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se petition, 'though vague and conclusory, are entitled to a liberal construction.'").

#### B. Standard of Review on Appeal

The Bankruptcy Court is the court of first resort and fact finder; and this Court sits as the court of appeal. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988). This Court does not make its own factual findings when sitting as an appellate court. Fed. R. Bankr. P. 8013 (requiring that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); see also *Caldwell*, 851 F.2d at 857-58 (holding that when a district court functions in an appellate capacity, the district court is subject to the limitations imposed on appellate courts, including a bar on engaging in fact finding).

# IV. LAW AND ANALYSIS

This Court will first consider Fulson's allegations under the law of the case doctrine, which limits reopening issues that have already been litigated in a particular case. In this case, Fulson's allegations implicate previous rulings by this Court and the Bankruptcy Court. The Court will then turn to an individual examination of each of Fulson's perjury allegations. Finally, given the liberal pleading standard for pro se plaintiffs, Fulson's Motion for Perjury will be considered as a 60(b) motion for fraud upon the court.

## C. Fulson's Motion is barred by the Law of the Case Doctrine

The law of the case doctrine requires that once issues have been decided, they may be reopened in limited, exceptional circumstances. *Petition of United States Steel Corp.*, 479 F.2d 489, 493-94 (6th Cir. 1973), cert. denied, 414 U.S. 859 (1973) ("[W]e must find some cogent reason to show the prior ruling is no longer applicable."). The law of the case doctrine compels courts to embrace prior legal rulings in an action, as "when a court decides upon a rule of law, that decision should continue to govern...." *Doyle v. City of Columbus*, 41 F. Supp. 2d 765, 767 (S.D. Ohio 1998) (quoting *Arizona v. California*, 460 U.S. 605, 618-19 (1983)).

The law of the case doctrine discourages appellate courts from reconsidering its earlier rulings. *Petition of United States Steel*, 479 F.2d at 493-94. Courts must look closely at the requested relief, as future decisions can implicitly re-litigate previously decided issues, and previous appellate decisions control in subsequent appeals of the same case. *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 169 Fed. Appx. 976, 985 (6th Cir. 2006) (citing *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1036 (10th Cir. 2000)). Reconsideration is only appropriate when "the evidence in a subsequent trial was substantially different; controlling

authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice." *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766-67 (6th Cir. 1989).. The law of the case doctrine promotes finality in determining issues and efficiency in the use of judicial resources. *Waste Management*, 169 Fed. Appx. at 985.

In this case, the law of the case doctrine prevents Fulson from re-litigating previous decisions of the district and bankruptcy courts by alleging perjury. Fulson cannot use the veil of perjury to reexamine an entire bankruptcy case, a case to which Fulson is not a party. *See In re Nicole Energy Services v. McClatchey*, No. 09-3366 (6th Cir. April 14, 2009) (holding in an appeal by Fulson to dismiss a stay on the sale of NES properties, that Fulson was not listed as a party on the appeal, was not a party to the appeal, and was not granted intevenor status in the case). Each alleged perjury incident is also a detrimental fact or ruling against Fulson. For example, if Mr. McClatchey's statements before the district court regarding Finding, finding that Mr. McClatchey's statements are perjury, however, would be implicit relitigation of an already decided issue (that Fulson was not a party to this case) - action discouraged by both *Petition of United States Steel* and *Waste Mgmt. of Ohio*. Thus, this Court is bound by the law of the case doctrine to follow its previous legal decisions.

This Court has examined Fulson's "Motion for Perjury" for some indication of exceptional circumstances to justify a reconsideration, and does not find any. There is no apparent substantial injustice to Fulson, the creditors, or Mr. McClatchey in following the law of the case doctrine. In fact, this Court would cause substantial injustice by overturning earlier rulings and re-litigating already decided issues. Moreover, a liberal reading of Fulson's motion

fails to demonstrate any well-founded legal grounds upon which the earlier rulings should be revisited, as no new prevailing law has changed Fulson's facts, and no finding of fact was clearly erroneous.

Therefore, this Court **DENIES** Fulson's Motion on the basis that it is barred by the law of the case doctrine as his motion only attempts to re-litigate already settled issues.

### D. Perjury Analysis

If law of the case doctrine did not apply in this case, Fulson's perjury claims would still be unsuccessful. First, Fulson's allegations do not fulfill the elements of perjury. Furthermore, perjury does not provide Fulson any remedy, given that this is a criminal action, and does not include a private right of action. Perjury, as defined by relevant statute, is when an individual knowingly testifies falsely, under oath, about a matter material to the case. 18 U.S.C. § 1001 (2006); 18 U.S.C. §§ 1621-1623 (2006); see also *United States v Dunnigan*, 507 U.S. 87, 93 (1993) (holding that perjury requires "testifying untruthfully or suborning untruthful testimony concerning a material fact…during a preliminary or grand jury proceeding, trial, sentencing proceeding, or any other judicial proceeding".).

### 1. Statements that Fulson was Guilty of Fraud

Fulson alleges the state court breach of contract action never had a definitive finding regarding fraud, nor did the Bankruptcy Court have any hearing regarding the fraud claims. Fulson Motion for Perjury, at 1, 3. Fulson alleges that the judicial proceedings after the state court action implicitly found Fulson guilty of fraud. *Id.* at 3. *But see Nicole Energy*, 2009 WL 545102 at *1 ("McClatchey, as trustee for NES, assumed control of NES's state court case claims. Eventually, McClatchey negotiated a settlement of the state court case claims."). Fulson's

allegations do not satisfy the elements of perjury. No statement under oath exists, and no individual provided testimony that Fulson is guilty of fraud.

## 2. Statements that Fulson was not a party to the case

Fulson notes that the bankruptcy court determined that he was not a party to the bankruptcy proceedings. Fulson Motion for Perjury, at 3. Fulson appealed his non-party status to higher courts. *See In re Nicole Energy Services v. McClatchey*, No. 09-3366 (6th Cir. Apr. 14, 2009) (noting that Fulson was not listed as a party on the appeal, was not a party to the appeal, and was not granted intevenor status in the case). Fulson now alleges that Mr. McClatchey committed perjury by telling the bankruptcy and district courts that Fulson was not a party to the case. Any statements by an individual such as Mr. McClatchey, when not testifying, are not statements under oath and therefore perjury does not arise. Furthermore, even if Mr. McClatchey had testified, given this Court's, and the Sixth Circuit's, decisions regarding Fulson's lack of party status in this case, the Court would be hard pressed to find any evidence of perjury.

## 3. Statements that all available monies were disbursed to creditors and that a creditor's committee existed

Fulson alleges that Mr. McClatchey told the bankruptcy court that all NES monies were disbursed to creditors. Fulson Motion for Perjury, at 3-4. Additionally, Mr. McClatchey allegedly convinced a trustee for AGF, Inc. to commit perjury, as the AGF trustee told Mr. McClatchey in a letter he did not know of a creditors committee, but subsequently stating to the court that a creditor's committee existed. Mr. McClatchey's statements to the bankruptcy court are not perjury, as they are not statements under oath. If Mr. McClatchey convinced an AGF trustee to commit perjury, this testimony would satisfy the elements of perjury, as this individual

would be providing false testimony under oath on a matter material to the case. Given that the bankruptcy court held extensive hearings before approving the Sale Order of NES assets, including the views and testimony of other creditor committee members, Fulson's Motion does not propound the necessary factual basis to re-litigate this issue. *See In re Nicole Energy Services*, 385 B.R 201, 255-59 (discussing the views of the creditors committee when the bankruptcy court approved the sale order). It is also clear from the record that a miscommunication took place at AGF, Inc. regarding the existence of a creditor's committee, when in fact the committee had indeed been formed.

### 4. Perjury as a Criminal Action as Opposed to a Civil Action

The theory behind a cause of action for perjury is to ensure that justice is not obstructed during the trial process. *Dunnigan*, 507 U.S. at 93 (holding that early criminal contempt statutes-the basis upon which perjury was founded-aimed at punishing individuals who obstructed the administration of justice in criminal cases). The statutes under which Fulson brings his perjury claim, 18 U.S.C. §§ 1001, 1621, & 1623, all bar a private right of action, and are available only in criminal matters. Therefore, even if Fulson had established all of the elements necessary for a perjury cause of action (a witness, under oath and giving testimony material to the case that the witness knows to be false), his perjury claims would fail because he does not possess a private right of action under the above criminal statutes.

Fulson alleges perjury under three statutes. First, Fulson brings a claim under 18 U.S.C. § 1001 (2006), which states that when, in a matter before any branch of the United States Government, an individual falsifies or conceals a material fact, that individual shall be fined and imprisoned not more than five years. This code section, however, is not appropriate for a civil

action. In *Federal Sav. And Loan Ins. Corp. v. Reeves*, the Fourth Circuit held that there was no affirmative indication from Congress that a civil remedy was considered in § 1001. 816 F.2d 130, 138-39 (4th Cir. 1987). Although the Sixth Circuit has not addressed this issue, other courts have arrived at the same conclusion as the Fourth Circuit. *See United States v. D'Amato*, 507 F.2d 26, 30 (2d Cir. 1974) (holding that, after a review of the legislative history, nothing in the case law or legislative history supported prosecution under § 1001 for false statements made in a private civil action in United States courts); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (stating that the defendant was charged "with violating 18 U.S.C. § 1001, a criminal statute providing in relevant part that one within the jurisdiction of any department or agency of the United States who makes false or fraudulent statements shall be fined or imprisoned. No private right of action is provided under this statute.").

Fulson's second statutory claim is brought under 18 U.S.C. § 1621. The statute states that an individual who takes an oath, by a person authorized to administer the oath, and willfully gives information he does not believe is true, is guilty of perjury and can be fined and/or imprisoned. *Id.* This section of the United States Code, however, also does not allow for private rights of action. *Irving v. Lorson*, No. C-2-02-823, 2002 WL 318446585, *2-3 (S.D. Ohio Dec. 12, 2002)*; see also Romer v. Crow*, 993 F. Supp. 834, 836-37 (D. Kan. 1998) (noting that § 1621 is a criminal statute and does not provide for a civil action); *Ippolito v. Meisel*, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) (holding that a claim against defendants who allegedly committed perjury against their oath of office did not properly arise under § 1621, as this criminal statute does not recognize a private right of damages); *LaBoy v. Zuley*, 747 F. Supp. 1284, 1289 (N.D. Ill. 1990)

(finding that criminal statutes proscribing perjury and subornation of perjury do not provide private cause of action).[1]

Finally, Fulson cites to 18 U.S.C. § 1623 in his motion. This code provision is an offshoot of § 1621, providing similar protections against perjury in civil proceedings ancillary to a criminal case. This section of the civil code, however, does not provide for a private right of action where the civil testimony does not have a nexus to an underlying criminal case. *United States v. Kross*, 14 F. 3d, 751, 743 (2nd Cir. 1994); *see also Kafele v. Frank & Wooldridge Co.*, No. 03-4205, 108 Fed. Appx. 307, 308 (6th Cir. Aug. 17, 2004) (holding that petitioner did not possess a private right of action against the defendants for alleged violation of § 1623, a criminal statute); *Faraldo v. Kessler*, No. 08-cv-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that, among other things, § 1623 does not provide for a private right of action).

As none of the statutes under which Fulson brings his perjury claims provide for a private right of action, Fulson's Motion for Perjury is hereby **DENIED**.

### E. Fraud upon the Court

Construing Fulson's pro se motion liberally, it could be considered a motion under the Federal Rules of Civil Procedure for relief from a previous order. Fed. R. Civ. P. 60(b)(3) (stating that courts can relive a party from a final judgment or order for fraud, misrepresentation, or misconduct by the opposing party). Courts have allowed 60(b) relief from judgments where the fraud is proven through clear and convincing evidence. *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009); *Atchison, T. & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957)

---

[1] In his § 1621 claim, Fulson also references 18 U.S.C. § 1622, another statute that does not provide a private right of action. *D'Amato v. Rattoballi*, 83 Fed. Appx. 359, 360 (2d Cir. 2003) (holding that subordination of perjury statute alone did not provide for civil remedies).

Fulson's motion for perjury fails to satisfy 60(b) standards. As explained above, his motion does not propound clear and convincing grounds by which fraud could be found. Accordingly, Fulson's Motion for Perjury, construed as a 60(b) motion for relief from an order, is **DENIED**.

## V. CONCLUSION

For the reasons set forth above, this Court **DENIES** Fulson's Motion for Perjury.

**IT IS SO ORDERED**.

   **s/Algenon L. Marbley**       
**ALGENON L. MARBLEY**
**United States District Judge**

**DATED: January 4, 2010**